1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  DOMINGO MONTAR-MORALES,

9                Plaintiff,                    Case No. C20-776-TSZ-MLP

10       v.                                    ORDER

11  JON P. PICKERING, *et al.*,

12                Defendants.

13

14      This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales

15  ("Plaintiff") is a state prisoner who is currently confined at the Monroe Correctional Complex.

16  On March 25, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint

17  ("Plaintiff's Motion"). (Dkt. # 20.) Plaintiff seeks leave to amend his complaint to include the

18  State of Washington and the Washington Department of Corrections ("DOC") as defendants. (*Id.*

19  at 1-2.) Plaintiff additionally seeks leave to specify that Defendant "Bisson," who was previously

20  named and served in Defendant's operative complaint, is DOC Officer Michael Bisson. (*Id.* at 2.)

21  Defendants did not file a response to Plaintiff's Motion.

22      Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely

23  grant leave to amend "when justice so requires." Five factors are typically considered when

ORDER - 1

assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, Local Civil Rule 15 requires that a copy of the proposed amended pleading be attached as an exhibit to any motion seeking leave to amend a complaint.

Here, the Court finds that Plaintiff's Motion is procedurally deficient. Plaintiff failed to submit with his motion a proposed amended pleading as required by Local Civil Rule 15. Though this procedural deficiency by itself is fatal to Plaintiff's Motion, the Court additionally notes that Plaintiff's proposed amendment to include the State of Washington and DOC would be futile at this juncture. The United States Supreme Court has previously made clear that states and state agencies, such as DOC, are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). Finally, Plaintiff has already twice been granted leave to amend his complaint after this Court's orders declining to serve previously filed complaints based on deficiencies. (*See* dkt. ## 6, 10.)

Accordingly, this Court hereby ORDERS as follows:

(1) Plaintiff's Motion (dkt. # 20) is DENIED; and

(2) The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 16th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2