UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO MONTAR-MORALES,

          Plaintiff,

    v.

JON P. PICKERING, *et al.*,

          Defendants.

Case No. C20-776-TSZ-MLP

ORDER

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC"). This matter is before the Court on Plaintiff's: (1) second motion for extension of time to complete discovery (dkt. # 25); and (2) motion to compel discovery (dkt. # 26). On July 22, 2021, Defendant Corrections Officer Bisson ("Defendant"), the sole remaining Defendant in this matter, filed responses to Plaintiff's Motions. (Dkt. ## 27, 29.) On July 29, 2021, Plaintiff filed replies. (Dkt. ## 30-31.) Having considered the parties' submissions, the governing law, and the balance of the record, Plaintiff's

ORDER - 1

1 | second motion for extension of time to complete discovery (dkt. # 25) is GRANTED; and
2 | Plaintiff's motion to compel discovery (dkt. # 26) is DENIED.

3 | II.     DISCUSSION

4 | A.      Motion for Extension of Time

5 | On January 26, 2021, this Court issued a pretrial scheduling order directing the parties to complete discovery by May 26, 2021, and to file dispositive motions by June 25, 2021. (Dkt. # 18.) On May 26, 2021, Plaintiff filed his first motion for extension of time to complete discovery, which this Court granted on June 3, 2021, to allow Plaintiff to obtain discovery from the Washington Office of Public Disclosure and to receive responses from allegedly unanswered discovery requests by Defendant due to his limited law library and e-filing access at the MCC because of COVID-19 restrictions. (Dkt. ## 23, 24.) As a result, the Court extended the discovery deadline in this matter to July 12, 2021, and the dispositive motions deadline to August 9, 2021. (Dkt. # 24.)

Plaintiff's second motion for extension of time to complete discovery requests an additional 90 days to conduct discovery because Plaintiff recently discovered, through Defendant's response to his first set of interrogatories, that "someone, other than the Defendant, has possession, custody, or control" of his sought discovery.[1] (Dkt. # 25 at 1.) Plaintiff states that he sent Defendant a second set of interrogatories and requests for production that remains unanswered because Defendant objected to it as untimely and that he would like additional time so that Defendant may answer those requests. (*Id.* at 2.) Finally, Plaintiff states he continues to have limited law library and e-filing access at MCC due to COVID-19 restrictions. (*Id.*)

---

[1] Plaintiff's second motion for extension of time originally requested a 45-day extension of time on the discovery deadline. (Dkt. # 25 at 1.) However, on reply, Plaintiff now requests a 90-day extension of time in order to receive his sought discovery from the Washington State Department of Corrections Public Records Unit. (Dkt. # 30 at 2-3, Ex. 1 at 7-9.)

ORDER - 2

Defendant responds that Plaintiff propounded his second set of discovery requests with insufficient time for Defendant to respond before the discovery deadline. (Dkt. # 27 at 3.) Defendant notes this is the second time Plaintiff has requested an extension of the discovery deadline, but argues Plaintiff's basis for an extension at this juncture—that he has additional questions and that the Court should give Defendant more time to answer—fails to demonstrate good cause. (*Id.*) In addition, Defendant argues Plaintiff is actually trying to obtain information from the Washington State Department of Corrections ("DOC") and that extending the discovery deadline will not address that issue. (*Id.*)

Pursuant to Rule 6(b)(1), the Court may extend a deadline for "good cause" if the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). In determining whether "good cause" exists to amend a scheduling order, the Court examines whether the party seeking the extension exercised due diligence but otherwise cannot meet a court-imposed deadline. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Court finds that a second extension of the discovery deadline is warranted. Based on the record before the Court, Plaintiff has exercised diligence in seeking discovery through the DOC's Public Records Unit but is currently awaiting a response to his latest requests. (Dkt. # 30 at 1-3; Ex. 1 at 7-9.) Furthermore, the Court recognizes Plaintiff has limited law library and e-filing access as a result of COVID-19 restrictions at MCC. As such, the Court finds Plaintiff has demonstrated good cause for a 90-day extension of time to complete discovery in this matter.

ORDER - 3

B.   **Motion to Compel**

Next, Plaintiff moves the Court for an order compelling Defendant to produce for inspection documents Plaintiff requested in his first set of interrogatories and requests for production from May 23, 2021. (Dkt. # 26 at 1.) In his first requests for production, Plaintiff requested:

1. Any and all grievances, complaints, or other documents received by the Monroe Correctional Complex-Intensive Management Unit (MCC-IMU) Grievance Coordinator concerning fights and/or violence among Inmates, and any memoranda, investigative files, or other documents created in response to such complaints with a time fame January 1, 2016 to December 31, 2017.

2. Any and all policies, directives or instructions to staff for letting Inmates out of their cells at the MCC-IMU in A-pod by MCC staff.

3. Any and all documents created by staff for letting Inmates out of their cells at the MCC-IMU in A-pod with a time frame June 1, 2017 to June 30, 2017.

4. Any and all documents, including classification documents, relating to Plaintiff's Security Threat Group (STG) affiliation.

5. Any and all documents, including classification documents, relating to Inmate Velasquez's (DOC#370617) Security Threat Group affiliation.

6. Any and all policies, directives, or instructions to Staff on how to handle Inmates who have housing issues or STG affiliations at the MCC-IMU in A-pod by MCC Staff.

7. Any and all documents created by any Washington Corrections Center Staff member or any other [DOC] employee or official concerning plaintiff's request for protective custody, and any memoranda, investigative files, or other documents created in response to such request from May 5, 2015 to date.

(Barbara Decl., Ex. A at 6-7.) On June 21, 2021, Defendant objected that each of Plaintiff's requests for production were "overly broad," that Plaintiff's requests were directed at information within the custody and control of DOC, and that Defendant is not a custodian of records nor authorized to release such information. (*Id*., Ex. C at 18-21.) Plaintiff notes that on

ORDER - 4

July 6-7, 2021, he tried to call Defendant's counsel in a good faith effort to resolve the dispute but did not get an answer. (Dkt. # 26 at 2.)

Federal Rule of Civil Procedure 37(a) allows a party to move for disclosure or discovery to be compelled. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Local Civil Rule 37(a)(1). A party served with a discovery request under Rule 34 is required to produce, or allow inspection of, responsive items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). In the Ninth Circuit, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *2 (S.D. Cal. Feb 20, 2020) (internal quotations and citation omitted).

It appears Plaintiff attempted to contact Defendant's counsel to confer on the basis of his motion to compel on July 6-7, 2021 but notes he did not have his call answered or returned. (Dkt. # 26 at 2.) Defendant's counsel submits that he was working at his desk all day on July 6-7, 2021, but that he did not receive any phone calls from Plaintiff, nor discovered any missed calls from the MCC that were logged by his office. (*See* Barbara Decl. at ¶ 10.)

Based on the record before the Court, the Court finds Plaintiff made a good faith effort to confer with Defendant to proceed with his motion to compel. Nevertheless, Plaintiff's sought discovery is not in the possession, custody, or control of Defendant. Based on the nature and subject matter of Plaintiff's requests, Plaintiff's sought discovery is properly directed at DOC (*see id.*, Ex. C at 18-21), and Plaintiff submits he is in the process of receiving his sought records

ORDER - 5

from the DOC's Public Records Unit. (Dkt. # 30 at 1-3; Ex. 1 at 7-9; *see* Barbara Decl., Ex. A at 6-7.) Accordingly, Plaintiff's motion to compel discovery is denied.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby orders:

(1)   Plaintiff's second motion for extension of time to complete discovery (dkt. # 25) is GRANTED, and Plaintiff's motion to compel discovery (dkt. # 26) is DENIED.

(2)   The parties shall complete discovery by **October 11, 2021**, and file dispositive motions by **November 8, 2021**.

(2)   The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 3rd day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge