UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINGO MONTAR-MORALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JON P. PICKERING, *et al.*,<br><br>　　　　　　Defendants. | Case No. C20-776-TSZ-MLP<br><br>ORDER |

　　　　This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC"). Currently before the Court is Plaintiff's Motion for Leave to Serve Additional Interrogatories ("Plaintiff's Motion"). (Dkt. # 33.) Plaintiff's Motion requests that he be allowed to file an additional twelve (12) interrogatories. (*Id.* at 1.) Plaintiff argues that allowance of additional interrogatories is warranted because Defendant Bisson has either objected to, or not been forthcoming, in his responses to Plaintiff's previously served interrogatories. (*Id.*)

　　　　Defendant Bisson filed a response opposing Plaintiff's request. (Dkt. # 35.) Defendant Bisson argues that he should not be required to respond to any additional interrogatories beyond that allowed by the rules because Plaintiff fails to demonstrate he has need for additional

ORDER - 1

discovery and because he has remaining interrogatories left to serve. (*Id.* at 1-2.) Specifically, Defendant Bisson notes Plaintiff's Motion fails to articulate: (1) why Plaintiff needs twelve more interrogatories; (2) what information Plaintiff hopes to receive from additional interrogatories; or (3) why the information Plaintiff hopes to receive could not have been sought within the discovery allowed under the applicable rules. (*Id.* at 2.)

On reply, Plaintiff acknowledges that he has two remaining interrogatories to serve. (Dkt. # 37.) However, Plaintiff specifies that he seeks additional interrogatories to determine: (1) what specific training a booth officer is required to undertake and what a booth officer's job duties are; (2) information relating to three fights that occurred in 2017 at the MCC; (3) what the approval process for safety protocol is on release schedules prepared by the program manager at MCC; and (4) what details Defendant Bisson included in a report related to an assault on Plaintiff that occurred at the MCC. (*Id.* at 1-3.)

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Federal Rule of Civil Procedure 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 33 permits no more than 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the court. A court "must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). The limitation is based on the recognition that, although

ORDER - 2

interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment . . . " Advisory Committee Note, 146 F.R.D. 675, 675 (1993); *see also McGraw v. Dematic Corp.*, 2008 WL 819348, at *1 (W.D. Wash. March 26, 2008). The goal of the limitation is "not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery." *Id.* The party seeking leave must set forth persuasive explanation or a "particularized showing" as to why they have need to exceed the limit of twenty-five interrogatories. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 748 (Fed. Cir. 2012); *Archer Daniels Midland Co. v. Aon Risk Servs. Inc. of Minnesota*, 187 F.R.D. 578, 586 (D.Minn. 1999) (denying leave to serve additional interrogatories where request was "bereft of any showing" that additional interrogatories were required for defendant to properly defend itself).

To date, based on the record before the Court, Plaintiff has propounded 23 interrogatories to Defendant Bisson leaving him two more interrogatories available before reaching the 25 interrogatories limit under Fed. R. Civ. P. 33(a)(1). (*See* dkt. #35 at 2.) As such, Plaintiff's request for additional interrogatories is premature at this time. Nevertheless, though clarified some in his reply, Plaintiff's submitted interrogatories topics also fail to explain why the Court should allow him 12 additional interrogatories. Specifically, Plaintiff fails to demonstrate how answers to his submitted topics are likely to lead to the discovery of admissible evidence based on the allegations in his complaint regarding Defendant Bisson.

Accordingly, this Court hereby ORDERS:

(1) Plaintiff's Motion (dkt. # 33) is DENIED without prejudice;

(2) The deadline to complete discovery is extended until **October 25, 2021** to permit Plaintiff to serve his additional two interrogatories; and

ORDER - 3

(3)     The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 13th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4