UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO MONTAR-MORALES,

          Plaintiff,

   v.

JON P. PICKERING, *et al.*,

          Defendants.

Case No. C20-776-TSZ-MLP

ORDER

       This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales ("Plaintiff"), proceeding *pro se*, is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC"). Currently before the Court is Plaintiff's "Motion for an Extension of Time to Respond to Defendant's Motion to Dismiss" ("Plaintiff's Motion"). (Dkt. # 42.)

       Plaintiff's Motion requests an extension of time to respond to Defendant Bisson's pending Motion for Summary Judgment (dkt. # 39) ("Defendant's Motion), or that Defendant's Motion be stayed, until Plaintiff has obtained previously requested documents and records from the Washington Department of Corrections ("DOC"). (Dkt. # 42 at 1.) Plaintiff argues that his sought records and documents contain necessary information that he requires to oppose

ORDER - 1

Defendant's Motion.[1] (*Id.* at 2-3.) Specifically, Plaintiff outlines that his sought records include: (1) a copy of his release schedule that Defendant Bisson allegedly followed in allowing Plaintiff and Inmate Vazquez out of their cells; (2) a copy of any and all grievances received by the grievance coordinator at MCC from January 1, 2016, through December 31, 2017, concerning fighting and violence amongst inmates at MCC; (3) a copy of any and all documents relating to Plaintiff's prior request for protective custody between May 5, 2015, and July 27, 2017; and (4) a copy of any and all documents, including classification documents, related to Plaintiff and Inmate Vazquez's "STG affiliations." (*Id.*) Defendant Bisson did not file a response to Plaintiff's Motion.

Federal Rule of Civil Procedure 56(d) allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P. 56(d). Under Rule 56(d), a party's request must be: "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). The movant "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Here, the Court finds that an extension of Plaintiff's time to respond to Defendant's Motion is reasonable. This Court has previously documented Plaintiff's efforts in seeking to

---

[1] Plaintiff's Motion seeks reliefs pursuant to Rule 56(f) (Dkt. # 42 at 1.) However, Plaintiff's request for an extension of time to respond to Defendant's Motion is more appropriately considered under Rule 56(d) after the 2010 amendments to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

ORDER - 2

obtain information from DOC based on a previous extension of time request to complete discovery and a previous request to serve additional interrogatories. (*See* dkt. ## 32, 38; s*ee also* dkt. # 42, Ex. A at 4-9, Ex. B at 5-6.) Based on the Court's review of exhibits submitted with Plaintiff's Motion, it appears that Plaintiff still has yet to receive his requested information from DOC. (*See* dkt. # 42, Ex. A at 4-5.) Plaintiff's most recent correspondence with DOC from November 2021 indicates that DOC intends to produce the remainder of Plaintiff's requested documents by December 29, 2021. (*Id.* at 4.) In addition, it appears Plaintiff sent separate correspondence regarding an incomplete production from October 25, 2021. (*Id.* at 1-3.) The Court therefore finds good cause to delay the adjudication of Defendant's Motion pursuant to Rule 56(d) because Plaintiff's request for an extension is timely, identifies relevant information he has yet to receive, and because there is a sufficient likelihood that such information exists and will be produced by DOC.

Accordingly, this Court hereby ORDERS:

(1) Plaintiff's Motion (dkt. # 42) is GRANTED.

(2) Defendant's Motion (dkt. # 39) is RE-NOTED on the Court's calendar for consideration on **February 4, 2022**. Plaintiff's response brief to Defendant's Motion is due on **January 31, 2022**, and Defendant's reply brief is due on the noting date.

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 29th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3