UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO MONTAR-MORALES,

          Plaintiff,

   v.

JON P. PICKERING, *et al.*,

          Defendants.

Case No. C20-776-TSZ-MLP

ORDER

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC"). This matter is before the Court on Plaintiff's: (1) motion for extension of time (dkt. # 44); and (2) motion to compel (dkt. # 46). Defendant Corrections Officer Bisson ("Defendant"), the sole remaining Defendant in this matter, filed a response to Plaintiff's motion to compel (dkt. # 51) but did not file a response to his motion for extension of time.

Having considered the parties' submissions, the governing law, and the balance of the record, the Court hereby ORDERS that: (1) Plaintiff's motion for extension of time (dkt. # 44) is

ORDER - 1

GRANTED; and (2) Plaintiff's motion to compel (dkt. # 46) is DENIED, as further explained below.

## II. DISCUSSION

### A. Motion for Extension of Time

Plaintiff's motion for extension of time requests a 60-day extension to respond to Defendant Bisson's pending Motion for Summary Judgment (dkt. # 39) ("Defendant's Motion") because Plaintiff has yet to receive requested documents and records from the Washington Department of Corrections's ("DOC") Public Records Unit.[1] (Dkt. # 44 at 1.) This is the second extension of time Plaintiff has sought on such basis (dkt. # 42), and this Court previously granted Plaintiff's first extension request (dkt. # 43). Plaintiff argues that his sought records contain necessary information he requires to oppose Defendant's Motion pursuant to Fed. R. Civ. P. 56(d), that DOC requires additional time to produce his sought records, and that he additionally requires an extension due to limited law library access at the MCC and a COVID-19 diagnosis. (Dkt. # 44 at 1-2.) Defendant Bisson did not file a response to Plaintiff's motion for extension of time.

Federal Rule of Civil Procedure 56(d) allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P. 56(d). Under Rule 56(d), a party's request must be: "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some

---

[1] Per his motion to compel, Plaintiff outlines his sought records include: (1) a copy of his release schedule prepared by Program Manager Michael Walker for the MCC lower tier A-pod in June 2017; (2) a copy of any and all grievances received by the grievance coordinator at MCC from January 1, 2016, through December 31, 2017, concerning fighting and violence amongst inmates at MCC; (3) a copy of any and all documents relating to Plaintiff's prior request for protective custody between May 5, 2015, and July 27, 2017; and (4) a copy of any and all documents, including classification documents, related to Plaintiff and Inmate Vazquez's "STG affiliations." (Dkt. # 46 at 1-2; *see also* dkt. # 43 at 2.)

ORDER - 2

basis for believing that the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). The movant "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

Here, the Court finds an extension of Plaintiff's time to respond to Defendant's Motion is appropriate. This Court previously documented Plaintiff's efforts in seeking to obtain information from the DOC based on his previous extension requests, first motion to compel, and a prior request to serve additional interrogatories. (*See* dkt. ## 32, 38, 43.) Per a declaration submitted by DOC Legal Liaison Shari Hall, DOC indicates it intends to produce the remainder of Plaintiff's requested records by February 10, 2022. (Dkt. ## 45 at 4; 52 at ¶ 8.) Pursuant to Rule 56(d), the Court finds that Plaintiff's request for an extension is timely and identifies relevant information, and that there is a sufficient likelihood such information exists and will be produced by DOC. Moreover, it appears Plaintiff needs additional time due to limited law library access at the MCC and his recent COVID-19 diagnosis. (*See* dkt. # 44 at 1-2.) Therefore, based on Plaintiff's motion for extension of time and that opposing counsel has no opposition, the Court finds good cause to delay the adjudication of Defendant's Motion by an additional 60 days.

        **B.**     **Motion to Compel**

Next, Plaintiff moves the Court for an order compelling Defendant to produce his above requested records due to the DOC's alleged delayed production. (Dkt. # 46 at 1.) Plaintiff argues DOC has consistently misinterpreted, delayed, and denied his previous requests for the records from August 23, 2021, and October 25, 2021. (*Id.* at 2.) On August 3, 2021, this Court denied Plaintiff's first motion to compel seeking the requested records. (Dkt. # 32 at 4-6.)

ORDER - 3

Defendant Bisson filed a response arguing Plaintiff's motion to compel should be denied because DOC has been responsive to his requests. (Dkt. # 51 at 2-3.) To that end, Ms. Hall's declaration submits that DOC informed Plaintiff there were no records responsive to his request for a copy of his "release schedule" on February 2, 2022. (Dkt. # 52 at ¶ 5.) Ms. Hall further submits that Plaintiff's request for "grievances, reports from officers of fights, records/documents of medical conditions due to fights" was previously not provided due to Plaintiff's failure to remit payment for the production, and that due to his failure to pay, that specific request was considered closed as of September 1, 2021. (*Id.* at ¶ 6.) Ms. Hall notes that DOC provided Plaintiff with records pursuant to his request for "incident reports, serious infractions, separates, facility prohibitions, and all letters re: [Plaintiff]" on January 26, 2022. (*Id.* at ¶ 7.) Finally, Ms. Hall notes DOC provided Plaintiff with records responsive to his request for "records related to fights or violence, policies to staff, documents related to release schedules, protective custody request records, names of DOC staff, and STG records re: [Plaintiff] and Javier Velasquez, DOC # 370614" in productions on October 20, 2021, on December 9, 2021, and that a third production is forthcoming no later than February 10, 2022. (*Id.* at ¶ 8.)

Federal Rule of Civil Procedure 37(a) allows a party to move for disclosure or discovery to be compelled. A party served with a discovery request under Rule 34 is required to produce, or allow inspection of, responsive items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). In the Ninth Circuit, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *2 (S.D. Cal. Feb 20, 2020) (internal quotations and citation omitted).

ORDER - 4

As noted in the Court's previous order denying Plaintiff's first motion to compel, Plaintiff's sought discovery is not in the possession, custody, or control of Defendant Bisson, and therefore, his request is still properly directed at DOC. (*See* dkt. # 32 at 5-6.) Based on the Court's review of the record, it is clear DOC has been responsive to Plaintiff's requests and that he still remains in the process of receiving records. (Dkt. # 52 at ¶¶ 3-8.) Accordingly, Plaintiff's motion to compel is denied.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1) Plaintiff's motion for extension of time (dkt. # 44) is GRANTED, and Plaintiff's motion to compel discovery (dkt. # 46) is DENIED.

(2) Defendant's Motion (dkt. # 39) is RE-NOTED on the Court's calendar for consideration on **April 8, 2022**. Plaintiff's response brief to Defendant's Motion is due on **April 4, 2022**, and Defendant's reply brief is due on the noting date.

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 4th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge