UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO MONTAR-MORALES,

                        Plaintiff,

           v.

JON P. PICKERING, *et al.*,

                        Defendants.

Case No. C20-776-TSZ-MLP

ORDER

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Domingo Montar-Morales ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a state prisoner who is currently confined at the Monroe Correctional Complex -Twin Rivers Unit ("MCC"). This matter is before the Court on Plaintiff's: (1) "Motion to Strike Defendant's Response to Plaintiff's Motion to Compel" ("Motion to Strike" (dkt. # 55)); and (2) Motion to Amend Complaint (dkt. # 57). Defendant Corrections Officer Bisson, the sole remaining Defendant in this matter, filed a response to Plaintiff's Motion to Amend Complaint (dkt. # 58) but did not file a response to Plaintiff's Motion to Strike. Plaintiff filed a reply. (Dkt. # 66.)

1    Having considered the parties' submissions, the governing law, and the balance of the

2   record, the Court hereby ORDERS that: (1) Plaintiff's Motion to Strike (dkt. # 55); and (2)

3   Plaintiff's Motion to Amend Complaint (dkt. # 57) are both DENIED, as further explained

4   below.

5                                    II.    DISCUSSION

6          **A.    Motion to Strike**

7          Plaintiff's Motion to Strike seeks to strike Defendant's previous response and a submitted

8   declaration (dkt. ## 51-52) to Plaintiff's second motion to compel discovery. (Dkt. # 55 at 1.)

9   Plaintiff alleges that Defendant, Defendant's counsel, and Washington Department of

10  Corrections ("DOC") Legal Liaison Officer Shari Hall misrepresented facts and falsified

11  evidence regarding DOC's production of documents responsive to Plaintiff's public records

12  requests. (*Id.* at 1-2.)

13         On February 4, 2022, this Court denied Plaintiff's second motion to compel. (Dkt. # 53 at

14  3-5.) Plaintiff's Motion to Strike was filed on February 11, 2022 (*see* dkt. # 55), a week after this

15  Court's ruling. As such, Plaintiff's Motion to Strike is moot on that basis alone. In any event, as

16  previously explained in the Court's prior orders denying Plaintiff's motions to compel, Plaintiff's

17  sought discovery is not in the possession, custody, or control of Officer Bisson, and therefore, his

18  public records requests remain properly directed at DOC. (Dkt. ## 32 at 4-6, 53 at 5.) Therefore,

19  Plaintiff's Motion to Strike is denied.

20         **B.    Motion to Amend Complaint**

21         Next, Plaintiff's Motion to Amend Complaint seeks leave to file a third amended

22  complaint to add additional defendants. (Dkt. # 57 at 1.) Per his proposed third amended

23

1    complaint, Plaintiff now names as Defendants: (1) Officer Bisson; (2) Officer Daginnus; and (3)

2    "John Doe 1" in their official and individual capacities. (*Id.* at 10, ¶¶ 2-5.)

3         Plaintiff represents that in February 2022, he learned Officer Daginnus was a floor officer

4    at MCC who "directed" Officer Bisson to let Inmate Velasquez out at the same time as him.

5    (Dkt. # 57 at 2-4.) Plaintiff's proposed third amended complaint reiterates, in somewhat greater

6    detail, his previous background in being placed in protective custody status while in DOC

7    custody and factual allegations related to his assault by Inmate Velasquez that are already largely

8    present in his operative complaint. (*Compare* dkt. # 11 at 2-5 *with* dkt. # 57 at 10-15.) Relevant

9    to the instant matter, Plaintiff alleges that Officer Bisson summoned floor officers shortly after

10   he was assaulted. (Dkt. # 57 at 15, ¶ 42.) Plaintiff alleges that "Defendants" failed to reasonably

11   respond to a "substantial threat of violence when they did not rush to the scene and deal with

12   [Inmate] Velasquez." (*Id.* at 16, ¶ 49.) Plaintiff further alleges that "the other two defendants"

13   directed Officer Bisson to open his cell door such that he would be released at the same time as

14   Inmate Velasquez, and as a result, supports a claim for deliberate indifference. (*Id.* at 16-17,

15   ¶ 50.) Plaintiff amends his request for relief to now seek: (1) an award of $225,0000 in

16   compensatory damages against Defendants jointly and severally; and (2) an award of $75,000 in

17   punitive damages from each Defendant. (*Id.* at 17.)

18        Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should

19   freely give leave to amend "when justice so requires." Five factors are typically considered when

20   assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3)

21   prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has

22   previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). An

23   amendment to a complaint is futile when "no set of facts can be proved under the amendment to

1  the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel.*

2  *Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d

3  209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678

4  (2009)). The burden is on the party opposing amendment to show that amendment is not

5  warranted. *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D.

6  Wash. 2015).

7          To sustain a civil rights action under § 1983, a plaintiff must show: (1) that he suffered a

8  violation of rights protected by the Constitution or created by federal statute, and (2) that the

9  violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

10  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege

11  facts showing how individually named defendants caused, or personally participated in causing,

12  the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

13          Officer Bisson argues that leave to amend should not be granted on several bases. (Dkt.

14  # 58 at 3.) First, Officer Bisson argues that undue delay weighs against a grant of leave to amend

15  because Plaintiff has been aware of Officer Daginnus's identity and potential involvement in this

16  matter since the filing of his first amended complaint, and because Plaintiff did not make a

17  public records request to DOC about other floor officers until July 2021, despite the fact that the

18  assault by Inmate Velasquez occurred on June 12, 2017. (*Id.*) Officer Bisson additionally argues

19  that undue prejudice weighs against a grant of leave to amend because the addition of two other

20  defendants would necessarily require the Court to reopen discovery, establish new pretrial dates,

21  and allow the new defendants an opportunity to engage in discovery while Officer Bisson's

22  motion for summary judgment remains pending. (*Id.* at 4.) Finally, Officer Bisson argues

23  Plaintiff's sought amendments are futile because Plaintiff makes official capacity claims and

ORDER - 4

fails to make any factual allegations specific to Officer Daginnus or "John Doe 1" that would survive a motion to dismiss. (*Id.*)

On reply, despite his sought addition of a "John Doe" defendant, Plaintiff contends that he does not seek any further discovery and that the Court would not need to reopen discovery or set new pretrial dates. (Dkt. # 66 at 1.) Plaintiff further responds that he has been diligent in seeking the names of additional parties in this case based on requests he sent to DOC in 2018 and throughout 2021.[1] (*Id.* at 2, Exs. B at 7-8, C at 10, D at 12-13.)

> i.   *Officer Daginnius*

Despite Plaintiff's representation that he only learned of Officer Daginnus's involvement in February 2022, Plaintiff identified Officer Daginnus as a Defendant in his first amended complaint which was filed on August 5, 2020. (*See* dkt. # 9.) Based on the allegations in Plaintiff's first amended complaint, this Court previously found that Officer Bisson was the only named Defendant who was involved in the decision to release Plaintiff from his cell at the same time as Inmate Velasquez, and that Plaintiff failed to properly plead failure to protect claims against any other named defendants, including Officer Daginnus. (Dkt. # 10 at 4-5.) The Court advised Plaintiff he could file a second amended complaint curing the deficiencies or could elect to proceed with the claim the Court deemed viable—the failure to protect claim against Officer Bisson—and voluntarily dismiss all other claims and Defendants. (*Id.* at 8-9.) On September 25, 2020, Plaintiff filed his second amended complaint naming only Officer Bisson, which remains the operative complaint in this matter. (Dkt. # 12.)

Though Plaintiff has completed discovery since the submission of his first amended complaint, Plaintiff still fails to plausibly allege a failure to protect claim against Officer

---

[1] In a declaration Plaintiff submitted with his proposed amended complaint, Plaintiff represented that he has sought the name of the two floor officers only since "mid 2021." (Dkt. # 57 at 8, ¶ 3.)

1   Daginnus. Jail officials are required to take reasonable measures to guarantee the safety of

2   inmates, and officials have a duty to protect prisoners from violence at the hands of other

3   prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (convicted prisoners). To establish a

4   constitutional violation, an inmate must allege facts demonstrating that he was incarcerated

5   under conditions posing a substantial risk of harm and that prison officials were "deliberately

6   indifferent" to the inmate's safety. *Id.* at 834; *Redman v. County of Los Angeles*, 942 F.2d 1435,

7   1443 (9th Cir. 1991) (en banc). To demonstrate deliberate indifference, a prisoner must allege

8   facts showing that an official knew of and disregarded an excessive risk to inmate safety; that is,

9   the official must both have been aware of facts from which the inference could be drawn that a

10  substantial risk of serious harm existed, and have actually drawn the inference. *Farmer*, 511 U.S.

11  at 837; *Redman*, 942 F.2d at 1442.

12          Here, it is clear from the record that Plaintiff has been aware of Officer Daginnus's

13  potential involvement in this matter since August 2020, but his claim against Officer Daginnus

14  has failed to significantly evolve since the Court declined to order service of his first amended

15  complaint. (*See* dkt. # 10 at 4-5.) In his proposed third amended complaint, Plaintiff appears to

16  assert in a conclusory fashion that Officer Daginnus was a Defendant who knew about a general

17  threat of violence to Plaintiff, "directed" Officer Bisson to open Inmate Velasquez's door while

18  Plaintiff was showering, and that he was then later "summoned" by Officer Bisson to respond to

19  Inmate Velasquez's assault on Plaintiff. (*See* dkt. # 57 at 14-17, ¶¶ 35, 42, 46, 49-50.) Despite

20  having now conducted discovery in this matter, Plaintiff's proposed third amended complaint

21  does not provide any significant elaboration on Officer Daginnus's involvement in Plaintiff's

22  failure to protect claim beyond that alleged in his first amended complaint. (*See* dkt. # 9.)

23

ORDER - 6

Furthermore, Plaintiff fails to allege facts to support his assertion that Officer Daginnus knew Inmate Velasquez was dangerous and posed a substantial risk of harm to Plaintiff.

Accordingly, Plaintiff has not adequately alleged an Eighth Amendment claim against Officer Daginnus. It would therefore be futile to permit Plaintiff to amend his complaint yet again to add Officer Daginnus as a Defendant to this action.

### ii.   *John Doe 1*

Plaintiff additionally seeks to amend his complaint to add "John Doe 1." (Dkt. # 57 at 10, ¶ 4.) Nevertheless, the identity of "John Doe 1" remains unknown to Plaintiff. While a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, discovery has been completed in this matter and Plaintiff to this point has still yet to determine the identity of "John Doe 1." This action will be unable to proceed against "John Doe 1" because the Court is unable to effectuate service on an unknown defendant. Plaintiff has also not alleged sufficient facts to demonstrate that "John Doe 1" personally participated in causing him harm or that "John Doe 1" knew Inmate Velasquez was dangerous and posed a substantial risk of harm to Plaintiff. Accordingly, it would be futile to allow Plaintiff to add "John Doe 1" to this action.

### iii.   *Official Capacity Claims*

Finally, the Court notes that Plaintiff's sought amendments now raise claims against Officer Bisson in his official capacity. (Dkt. # 57 at 10, ¶ 5.) Such claims are essentially claims against the state itself. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429-31 (1997). The United States Supreme Court has made clear that states are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). In addition, it is well established that, under the Eleventh Amendment, an unconsenting state is

immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *See Whiteside v. State of Washington*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Plaintiff's damages claims against Officer Bisson in his official capacity are therefore barred by the Eleventh Amendment, and thus, permitting amendment to add such claims would also be futile.

### III.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1)    Plaintiff's Motion to Strike (dkt. # 55) is DENIED;

(2)    Plaintiff's Motion to Amend Complaint (dkt. # 57) is DENIED. The Court deems it appropriate to grant Plaintiff a brief extension of time to respond to Defendant's motion for summary judgment now that the Court has ruled on the instant motion seeking leave to amend. Accordingly, Defendant's motion for summary judgment (dkt. # 39) is RE-NOTED on the Court's calendar for consideration on **April 29, 2022**. Plaintiff's response to Defendant's motion is due on **April 25, 2022**, and Defendant's reply brief is due on the noting date.

(3)    The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 23rd day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge